UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

GEORGE LEAL, *et al*, §
§
Plaintiffs, §
VS. § CIVIL ACTION NO. C-11-249
§
JOHN MCHUGH, §
§
Defendant. §

**OPINION AND ORDER ON MOTION FOR RECONSIDERATION**

Before the Court is "Plaintiffs' Motion to Reconsider Dismissal of Plaintiffs' Claims" (D.E. 14). The Court GRANTS IN PART the Motion for Reconsideration (D.E. 14) and VACATES and SETS ASIDE the Order Dismissing Plaintiffs' Claims (D.E. 13) and substitutes the following Opinion and Order in its place.

The Court GRANTS "Defendant's Motion to Dismiss/Motion for Summary Judgment" (D.E. 9) for the reasons set out below. The Court further DENIES the Plaintiffs' request for leave to amend their pleadings, which request is embedded in their Motion to Reconsider.

**A. Jurisdiction**

The Court has federal question jurisdiction over this action for discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. 28 U.S.C. §§ 1331, 1343.

**B. Introduction**

Plaintiffs George Leal and John Lozano filed this lawsuit against Defendant, John McHugh, Secretary of the Department of the Army, under the Age Discrimination in Employment Act ("ADEA"). They allege that the Corpus Christi Army Depot ("CCAD") had two openings for engineers for which both Plaintiffs were qualified. They claim that they were not selected for the positions because the Army preferred a younger candidate. Plaintiff Leal also sued for retaliation under Title VII of the Civil Rights Act of 1964, claiming that he had previously made, or assisted in, Equal Employment Opportunity cases against CCAD. He claims that his current non-selection was in retaliation for that prior protected activity. Defendant has moved to dismiss the claims for failure to state a claim upon which relief can be granted.

**C. Motion to Dismiss: The Framework for the Evaluation**

Defendant seeks dismissal of this case under Fed. R. Civ. P. 12(b)(6), arguing that the Complaint (D.E. 1) fails to state a claim upon which relief can be granted. Plaintiffs filed a Response to that Motion (D.E. 12), along with a First Amended Complaint (D.E. 11). The First Amended Complaint was filed consistent with Fed. R. Civ. P. 15(a)(1)(B) and cured or addressed several of the issues presented by the Defendant's Motion to Dismiss. The Court has considered the First Amended Complaint in full as the live pleading subject to the Defendant's Motion to Dismiss.

The test for the sufficiency of the pleadings under Rule 12(b)(6) is devised to balance a party's right to redress against the interests of all parties and the court in minimizing expenditure of time, money, and resources. *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 127 S.Ct. 1955, 1966 (2007). The *Twombly* court expressly "retired" the old test stated in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957) that a complaint would not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S.Ct. at 1969 (quoting *Conley, supra*). The revised standard for determining whether a complaint states a cognizable claim has been outlined by the United States Supreme Court in *Twombly, supra* and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Furthermore, "Pleadings must be construed so as to do justice." Rule 8(e). The requirement that the pleader "show" that he is entitled to relief has been construed to require "more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)).

Factual allegations are required, sufficient to raise the entitlement to relief above the level of mere speculation. *Twombly*, 127 S.Ct. at 1965. Those factual allegations must then be taken as true, even if doubtful. *Id*. In other words, the pleader must make allegations that take the claim from "conclusory" to "factual" and beyond "possible" to "plausible." *Id*., 127 S.Ct. at 1966. The *Twombly* court stated, "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 127 S.Ct. at 1974.

The Court, elaborating on *Twombly*, stated, “The plausibility standard is not akin to a ‘probability requirement,’ but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 129 S.Ct. at 1949. “Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.” *Id*. In dismissing the claim in *Iqbal*, the Court stated, “It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth.” 127 S.Ct. at 1951.

**D. Evaluation of the Complaint**

**a. Age Discrimination Claims**

There are four elements that must be proven to establish an age discrimination claim under the Age Discrimination in Employment Act (“ADEA”), 29 U.S.C. § 633a, et seq. Thus, Plaintiffs must “show” a plausible claim on each element: (1) Plaintiffs are within the protected class; (2) Plaintiffs are qualified for the position; (3) Plaintiffs suffered an adverse employment decision; and (4) Plaintiffs were replaced by a younger worker or treated less favorably than similarly situated younger employees. *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 196 (5th Cir. 2003).

In its Motion to Dismiss under Rule 12(b)(6), Defendant complains of the first and fourth elements: that Plaintiffs’ pleadings did not satisfy the requirement of showing that Plaintiffs are within the protected class or that they were replaced by younger workers or treated less favorably than similarly situated younger workers. The protected class has been determined to be workers over the age of forty. *See* 29 U.S.C. § 631. In particular, Plaintiffs’ Original Complaint did not set out the Plaintiffs’ ages or birth years, although

it referenced the Plaintiffs' experience, which provides only contextual clues. After Defendant filed its Motion, Plaintiffs filed their First Amended Complaint, which has added the Plaintiffs' birth years to cure this defect. These allegations show that Plaintiffs are in the protected class.

With respect to the fourth element's requirement that the Plaintiffs show that younger workers were treated more favorably, Plaintiffs' Complaint fails to allege (directly or indirectly) the age of successful applicant, John Clay. Silence in this regard renders insufficient any age discrimination claim related to Defendant hiring Mr. Clay. It is axiomatic that an age discrimination claim based on the Defendant selecting a different person for the job must involve the selectee being younger than the plaintiff. Plaintiffs concede in their Motion for Reconsideration that they do not claim age discrimination based on the hiring of Mr. Clay.

Instead, Plaintiffs argue in their Response and in their Motion for Reconsideration that Mr. Clay may have been selected for one of the two open positions as a pretext, in order to establish " 'cover' for their selection of the much younger Rudy Solis." D.E. 12, p. 4. For this proposition, Plaintiffs cite *Russell v. McKinney Hospital Venture*, 235 F.3d 219 (5th Cir. 2000) (finding evidence of pretext in failure to follow progressive discipline policies). *Russell* is not helpful to the analysis in this case.

Webster defines "pretext" as "a purpose or motive alleged or an appearance assumed in order to cloak the real intention or state of affairs." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 984 (11th ed. 2004). While a company might state a basis for an employment decision that is nothing but a smokescreen to hide discriminatory

motives, it is quite another thing to suggest that an actual hiring of an individual of a similar status as the Plaintiff for a position that the Plaintiff wanted is pretextual with respect to a different position.

In other words, Plaintiffs have not shown in their pleadings that the hiring of Mr. Clay is false or unworthy of credence. *See generally, Jackson v. Cal-Western Packaging Corp*., 602 F.3d 374, 379 (5th Cir. 2010) (discussing requirements for establishing pretext). Plaintiffs have made no effort to plead that the hiring of Mr. Clay was illusory—or did not actually happen. According to the pleadings, he was hired for the job and actually performs the duties for which he was hired. Without more, the Court is unwilling to accept Plaintiffs' argument that Mr. Clay's employment by Defendant is merely pretextual.

That said, the Court is also unwilling to find that all of Plaintiffs' claims are eliminated by the mere fact that one of two positions was filled by someone of unspecified age. If Plaintiffs can establish a claim that the hiring of Mr. Rudy Solis was discriminatory, then the Defendant's motion would have to be denied. Plaintiffs do state that Rudy Solis was "much younger" than Plaintiffs and that he was selected for one of the open positions instead of either of Plaintiffs. In the First Amended Complaint, Plaintiffs state that Rudy Solis was "substantially younger" than Plaintiffs. Under the *Twombly* test, the Court finds that this allegation is sufficient. A plaintiff should not be required to extract an opponent's personal and private information, such as an exact age

or birth year, prior to discovery.[1] This allegation is sufficient to show that the claim of comparative youth is plausible.

However, the inquiry does not end there. Even if some allegations support a claim, if other allegations negate the claim on its face, then the pleading does not survive the 12(b)(6) review.

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, *see* Fed. Rule Civ. Proc. 8(c). Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.

*Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21 (2007). Defendant argues that the age discrimination claims cannot succeed because Plaintiffs' complaint with respect to Rudy Solis' selection is, on its face, blended with an allegation of a personal relationship between Solis and Defendant's management, with management interceding in the hiring process to ensure that Solis was the candidate selected. Defendants argue that this pleading "shows" that Defendant's decision was based on a "mixed motive," thus eliminating age discrimination as the "but for" cause of the decision not to hire the Plaintiffs.

---

[1] *O'Connor v. Consolidated Coin Caterers Corp*., 517 U.S. 308, 116 S.Ct. 1307, 1310 (1996) (a 40-year-old can still be "substantially younger" than a Plaintiff; inclusion in the "over 40" protected class does not, by itself, eliminate the age discrimination claim).

In this regard, Defendant cites *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 377 (5th Cir. 2010) for the proposition that age must be the "but for" cause of the employer's action for liability to attach under the ADEA. The Supreme Court has held that mixed-motive cases, while permitted in Title VII cases, are not permitted under the ADEA. *Gross v. FBL Financial Services, Inc*., 129 S.Ct. 2343, 2350 (2009). A plaintiff cannot prevail in a mixed-motive age discrimination case because the burden never shifts to the defendant to disprove the discriminatory motive. The reason for this is that the ADEA does not permit an action when the alleged discrimination is "***a*** motivating factor." Instead, age discrimination must be ***the determining factor*** for the adverse employment action. *Id*.

Ordinarily, a plaintiff who is trying to state an age discrimination claim is faced with allegations raised by the defendant of opposing, legitimate, motives for the adverse employment decision. Thus a plaintiff is entitled to pursue an age discrimination claim if he or she alleges and can prove to a jury that the alternate motives suggested by the defense are either "not true" or pretextual—that the real reason was age discrimination. What is unusual about this case is that the Plaintiffs, themselves, have alleged the alternative reason for the Defendant's hiring of Solis—a personal relationship between Solis and management. Under *Twombly*, the Court takes the Plaintiffs' allegations as true. As true, Plaintiffs have stated a mixed-motive case on which they cannot prevail.

Plaintiffs respond that their reference to the personal relationship between Rudy Solis and the Defendant's management was not stated to be "a motivating factor" and that to so hold is to make inferences in favor of the Defendant in direct contravention of

summary judgment procedure requiring all inferences to be in favor of the non-movant. *See generally, Rubenstein, supra*. Although contained in a hybrid motion, this argument is evaluated not under summary judgment procedure, but under Rule 12(b)(6). The question is whether, when accepted as true, the allegations on their face make the claims plausible or eliminate the right to relief. *Twombly, supra*; *Jones, supra*.

The language at issue, from the First Amended Complaint, is as follows:

> ***Rudy Solis had a close personal relationship with Michael Webb's supervisor, Luis Salinas***. Mr. Salinas was the Chief of the Facilities, Engineering Management Division. Mr. Salinas expressed a need for "new blood" in his department. . . . Chief Salinas denies involvement in the selection of Mr. Solis. But, his testimony was contradicted during the EEO investigation.
>
> Two persons were selected in October, 2009, Rudy Solis and John Clay. Rudy Solis had told co-workers he would be selected. ***Michael Webb said he was told by Luis Salinas to select Rudy Solis***.

D.E. 11, p. 2 (emphasis added).

These allegations expressly state that Salinas instructed Webb to hire Solis because of his personal relationship and desire for "new blood." If Plaintiffs' allegations are to be accepted as true, then Solis was hired, at least in part, because of his relationship with Salinas. Plaintiffs' argument that they did not actually claim that the decision was "motivated" by the personal relationship is making a distinction without a difference.

No inference is required to interpret this part of the Plaintiffs' First Amended Complaint. If an inference were to be made in favor of Plaintiffs as non-movants, Plaintiffs have failed to point out exactly what that inference should be or how the plain

language of their Complaint cannot be interpreted as creating their own mixed-motive allegations for the hiring of Solis. Plaintiffs have had an opportunity to respond to the Defendant's motion, Plaintiffs have had the opportunity to amend their pleadings in response to the Defendant's motion, and Plaintiffs have filed a motion for reconsideration after this Court issued an Order that disposed of the claims on the basis of the mixed motive. Despite these many opportunities, Plaintiffs have failed to supply the Court with any reason to read the "personal relationship" allegation as something other than a separate motive for the hiring decision.

An employment decision made upon a personal relationship is not actionable. *See also, Odom v. Frank*, 3 F.3d 839, 849-50 (5th Cir. 1993) (promotion that was the result of a "good old boy" network, while "untoward," is not actionable). Moreover, the reference to Salinas' desire for "new blood" neither vitiates the "personal relationship" allegation nor states a claim for age discrimination if accepted as true. The Fifth Circuit has had the opportunity to review several age discrimination cases in which plaintiffs relied on an employer's reference to a need for "new blood." The only opinions finding discrimination have involved the additional showing that "new blood" was intended to refer to "younger" employees. *Hawkins v. Frank Gillman Pontiac,* 102 Fed. Appx. 394, 396, 2004 WL 1431663, *1 (5th Cir. 2004) (supervisor explained that by "new blood" he meant, "you know, younger people"); *Wilson v. Monarch Paper Co*., 939 F.2d 1138, 1140 (5th Cir. 1991) (numerous references to age, and an expressed desire for "new blood" and a "young team").

A reference to "new blood" by itself, because it does not necessarily mean "younger," is insufficient to support an age discrimination claim. *Elliott v. Group Medical & Surgical Serv.*, 714 F.2d 556, 565 (5th Cir.1983), *cert. denied*, 467 U.S. 1215, 104 S.Ct. 2658 (1984) (employer's statement that he wanted "new blood" and a "lean and mean team" did not show age discrimination); *Wyvill v. United Companies Life Ins. Co.*, 212 F.3d 296, 304 (5th Cir. 2000) (desire to get rid of existing employees in order to construct more aggressive and productive team with "new blood" were insufficient stray remarks).

In order for an age-based comment to be probative of an employer's discriminatory intent, it must be direct and unambiguous, allowing a reasonable jury to conclude without any inferences or presumptions that age was a determinative factor in the decision to terminate the employee. *Equal Employment Opportunity Commission v. Texas Instruments, Inc.*, 100 F.3d 1173, 1181 (5th Cir.1996) (citing *Bodenheimer v. PPG Industries, Inc.*, 5 F.3d 955, 958 (5th Cir.1993)). Thus, if accepted as true, the Plaintiffs' claims regarding Salinas's remarks and relationship with Solis cannot sustain their age discrimination lawsuit and, in fact, defeat it.

In Plaintiffs' Response and Motion to Reconsider, they argue that their pleadings regarding the Defendant's procedural irregularities in the sequencing of the hiring decision must be taken into consideration, along with the argument that the Plaintiffs were clearly better qualified for the job than those selected. The Court rejects those arguments. First, no additional allegations can overcome the finding that the Plaintiffs have asserted a mixed-motive case, which is prohibited. Second, the pleadings and

Plaintiffs arguments are insufficient to demonstrate how the alleged procedural irregularities show age discrimination rather than a hiring decision based on a personal relationship.

**b. Retaliation Claim**

Plaintiff Leal has also asserted a retaliation claim. The elements of such a claim are: (1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action. *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007); *Holtzclaw v. DSC Communications Corp*., 255 F.3d 254, 259 (5th Cir. 2001) (same elements expressed in ADEA retaliation claim).

Defendant challenges Plaintiff's pleading on the basis that it does not show that Plaintiff's employer knew of the protected EEOC activity and that there is a causal connection between the Plaintiff's EEOC activity and his non-selection for the employment position. More specifically, Defendant asserts that the Plaintiff did not show (a) a specific protected activity or that it took place in close time proximity to the employment decision and (b) that those making the hiring decision for the employer knew about the protected activity and, causally, used it against him in retaliation in the employment decision.

Aside from the EEO complaint made for the purpose of exhausting administrative remedies prior to filing this case, Plaintiff Leal alleges that he "had participated in prior EEO complaints on behalf of co-workers." D.E. 1. In response to Defendant's Motion to Dismiss, Plaintiff Leal added "as recently as 2006" to his description of the prior EEO

activity and alleges that Salinas was the supervisor involved in a retaliation claim Leal filed in 2000. D.E. 11.

Protected activity occurring three to nine years prior to the employment decision complained of is insufficient to support a retaliation claim. *Clark County School Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (a 20-month interval suggests "no causality at all"). Expanding the potential causal connection to a three- or nine-year interval would encourage frivolous Title VII filings, as they would become a sort of "insurance" in that employees could make them in order to try to insulate themselves from adverse employment decisions for years. Plaintiff's allegations, even if accepted as true, are too attenuated to support a claim of retaliation.

With respect to Plaintiff Leal's retaliation claim, the Court finds that the allegations do not satisfy the *Twombly* test of showing a plausible entitlement to relief. Because Plaintiff Leal did not plead a plausible causal connection, the Defendant's motion to dismiss the retaliation claim is GRANTED.

**E. Motion for Summary Judgment**

Having disposed of the case on the pleadings, the Court's decision is not made on Defendant's proffered evidence. Thus the Court does not consider the Defendant's motion to be transformed into a Rule 56 summary judgment motion by way of Rule 12(d) and does not rule on Plaintiffs' objections to Defendant's summary judgment evidence.

With respect to Plaintiffs' request for discovery, the Court notes from the First Amended Complaint that this matter has been through an EEOC investigation and hearing where Plaintiffs had the opportunity to develop evidence. Furthermore, Plaintiffs

failed to satisfy Rule 56(d). They have not provided any affidavit or declaration setting forth specified reasons for failing to present any factual evidence to oppose the motion. Thus no additional relief is warranted for Plaintiffs in adjudicating Defendant's Motion.

**F. Request for Leave to Amend Pleadings**

Within the body of the Plaintiffs' Motion to Reconsider, they request leave to amend their pleading, which leave should be "freely given." The Court notes that the Plaintiffs took the opportunity to amend their complaint pursuant to Fed. R. Civ. P. 15(a)(1) in response to the Defendant's Motion to Dismiss and curing some of the specific pleading defects that the Defendant had identified. Plaintiffs chose to ignore the Defendant's challenge to the pleading based upon the fatal "mixed motive" allegation of the "personal relationship" between Solis and Salinas. That allegation remained intact and the Court was thus induced to rule on the age discrimination issue on the basis of that pleading.

In their Response to the Motion to Dismiss and again in their Motion to Reconsider, Plaintiffs stated an entitlement to leave to amend. However, at neither time have the Plaintiffs informed the Court of what allegations they would amend and how any amendment would influence the ultimate disposition of the Defendant's Motion to Dismiss. While leave should be "freely given when justice so requires," the Court is not required to grant a party multiple opportunities to amend for the same reasons; nor is the Court required to permit an amendment without some showing that the amendment would not be futile. *Overseas Inns S.A.P.A. v. United States*, 911 F.2d 1146, 1150-51 (5th Cir. 1990) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Dussouy v. Gulf Coast*

*Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Plaintiffs' request for leave to amend (embedded within D.E. 14) is DENIED.

**G. Conclusion**

For the foregoing reasons, "Plaintiffs' Motion to Reconsider Dismissal of Plaintiffs' Claims" (D.E. 14) is GRANTED IN PART (with respect to reconsideration of the Court's prior ruling) and DENIED IN PART (with respect to the request to amend and the Court's disposition of the challenged motion). After reconsideration, the Defendant's Motion to Dismiss/Motion for Summary Judgment (D.E. 9) is GRANTED. This is a Final Judgment.

ORDERED this 20th day of December, 2011.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE