UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GEORGE LEAL, *et al*, | § | |
| | § | |
|     Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:11-CV-249 |
| | § | |
| JOHN MCHUGH, | § | |
| | § | |
|     Defendant. | § | |

## **ORDER**

This is an age discrimination case brought by two civilian employees who sought, but did not obtain, promotions with their employer, the Corpus Christi Army Depot (CCAD), which had created two new positions for Construction Control Representatives (CCR, GS 0809-12). Plaintiffs allege violations of the Age Discrimination in Employment Act (ADEA) of 1967, 29 U.S.C. § 621 et seq. Before the Court is Defendant's Motion for Summary Judgment (D.E. 31), arguing that there is no evidence to rebut CCAD's claimed non-discriminatory reasons for its selection of other applicants, John Clay (Clay) and Rodolfo Solis (Solis). For the reasons set out below, the motion is DENIED.

The standard of review for summary judgment motions is well-settled, requiring that the Court interpret all of the evidence and inferences in the light most favorable to the non-movants. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Under the *McDonnell Douglas*[1] framework applied by the Fifth Circuit[2]

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

in employment discrimination cases, the first question is whether the plaintiffs have met their burden of showing a prima facie case that (1) they were over 40 years of age, (2) qualified for the position, (3) not promoted, and (4) the position was filled by someone younger. *Leal v. McHugh*, 731 F.3d 405, 410-11 (5th Cir. 2013) (appeal of Rule 12(b) dismissal of this action). At least with respect to the position filled by Solis, there is no dispute that Plaintiffs have demonstrated a prima facie case. D.E. 31, p. 14 n.5. That prima facie case is valid even though Clay, who filled one of the positions, is as old or older than Plaintiffs and even though reinstatement and back pay would be available to only one of the Plaintiffs. *Leal v. McHugh*, 731 F.3d at 416 (determining that those factors did not defeat the claims of these Plaintiffs).

The second step is for the employer to articulate a legitimate, non-discriminatory reason for its selection of applicants other than plaintiffs. *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 411-12 (5th Cir. 2007). CCAD has submitted evidence that it hired Clay and Solis because they were better qualified for the positions. D.E. 31.

Thus the pending motion (D.E. 31) involves the third step, which requires the Court to determine whether Plaintiffs have presented sufficient evidence to raise a disputed issue of material fact (1) that CCAD's stated reason is pretextual, or (2) that, while true, the stated reason is only one of the reasons for its conduct, with another

---

[2]   *Wyvill v. United Companies Life Ins. Co*., 212 F.3d 296, 301 (5th Cir. 2000).

reason being age discrimination.[3] *Id*. Plaintiffs have submitted evidence (D.E. 32) of both pretext and discriminatory intent. When considered in the light most favorable to them, Plaintiffs evidence supports the following:

1. **Plaintiffs were better qualified for the position and Solis was not the superior candidate**. Solis' resume misrepresented his experience and Michael Webb (Webb), the selecting official, knew or should have known of certain falsehoods. Plaintiff Leal had greater tenure and greater experience with CCAD facilities, and his knowledge was held in the highest respect by his co-workers. Plaintiff Lozano had served in positions that were the same as or similar to the new positions, and Webb's discounting of that experience and its success is improper and/or disingenuous.

2. **The selection process was intentionally skewed so that Solis could be selected**. Solis helped write the description for the new positions, which allowed him to match the requirements to buzz words on his resume. This ensured that Solis's name would appear on the referral list from which the selection would be made. Solis was pre-selected and boasted that he would get the position before the selection was announced.

---

[3] It is currently an open question in the Fifth Circuit whether the evidence of age discrimination must ultimately demonstrate "a motivating factor" or establish the "but for" reason for the adverse employment action. *Leal*, 731 F.3d at 412-17 (referring to *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167 (2009)). For purposes of this summary judgment motion, however, if the evidence is sufficient to raise a disputed issue of fact as to the basis for CCAD's employment decision, then the motion must be denied and the issue must go to trial.

3. **Luis Salinas (Salinas), Webb's supervisor, wanted a younger person in the position and made sure that Solis got the job**. Salinas hired younger workers and preferred younger workers. He always included younger workers in his meetings and he liked hanging out with them. He spoke casually and often about wanting "new blood" or "younger blood" in the organization and wanting to be rid of the "old mind set." Salinas frequently asked Plaintiffs when they would retire. While Webb ostensibly made the selection, Salinas participated in the decision.

D.E. 32. While the Court does not weigh the evidence or make any findings of fact in this regard, it does agree with Plaintiffs that there is sufficient evidence to raise disputed issues of material fact for trial when the record is construed in Plaintiffs favor. Consequently, the CCAD motion for summary judgment must be DENIED.

For the reasons stated above, the Court DENIES the Defendant's motion for summary judgment (D.E. 31).

ORDERED this 28th day of July, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE